1  ALEX G. TSE (CABN 152348)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  KATIE BURROUGHS MEDEARIS (CABN 262539)
   Assistant United States Attorney
5
        1301 Clay Street, Suite 340-S
6       Oakland, California 94612
        Telephone:    (510) 637-3709
7       Facsimile:    (510) 637-3724
        E-mail:       katie.medearis@usdoj.gov
8

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | No. 4-18-70898 |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIOD |
| v. | |
| ANTHONY GIOVANNI MONTANELLI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Katie Burroughs Medearis, and defendant Anthony Giovanna Montanelli ("Defendant"), by and through his counsel of record, Seth Chazin, hereby stipulate as follows:

1. On June 27, 2018, the Honorable Kandis A. Westmore signed a federal criminal complaint charging Defendant with mail fraud in violation of 18 U.S.C. § 1341. On August 17, 2018, defendant made his initial appearance and was arraigned on the criminal complaint. Defendant was released on issuance of a $50,000 unsecured bond with certain conditions. The preliminary hearing or

arraignment was also set for 9:30 a.m. on September 5, 2018. Pursuant to three separate stipulated orders, time was excluded under the Speedy Trial Act for effective preparation of counsel under 18 U.S.C. § 3161(h)(7)(B)(iv), and time was waived with the consent of Defendant under Federal Rule of Criminal Procedure 5.1(c) and (d), through the date of the initial appearance time until October 16, 2018. For the reasons identified below, the parties are asking for a further exclusion until November 29, 2018.

2. The parties have continued to engage in discussions regarding a potential pre-indictment resolution, which has included the Government's informal production of records summarizing its initial assessment loss calculations under the U.S. Sentencing Commission Guidelines. Defense counsel responded with various questions and the Government provided the Government with additional information to support his client's position with respect to assessing loss in this matter. After receiving information from defense counsel, the Government conferred with the victim, Kaiser Permanente ("Kaiser"). The parties now request additional time to further their pre-indictment negotiations, which have included input from Kaiser. The parties believe that failure to grant the continuance would deny Defendant and his counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Based on the availability of defense counsel and taking into consideration his unavailability during the Thanksgiving holiday period, the parties are requesting a new date of **November 29, 2018** for an anticipated arraignment on an information or indictment.

3. Defense counsel represents that his client understands that he has a right under 18 U.S.C. § 3161(b) to be charged by information or indictment with the offense alleged in the pending criminal complaint and that his client knowingly and voluntarily waives that right and agrees to continue to exclude the time to be charged by indictment and set a status in this matter on September 18, 2018. Defense counsel further represents that his client knowingly and voluntarily waives the timing for preliminary hearing under Federal Rule of Criminal Procedure 5.1 through November 29, 2018. This waiver of time will allow for further negotiations and provide the Government time to

2

either return an indictment or finalize the terms of a resolution pursuant to an agreed-upon information and plea agreement with the Defendant.

      4.      For purposes of computing the date under Rule 5.1 of the Federal Rules of Criminal Procedure for preliminary hearing, and the date under the Speedy Trial Act by which defendants must be charged by indictment or information, the parties agree that the time period of October 16, 2018, to November 29, 2018, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in the filing of an information or indictment within the period specified in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence

      5.      Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which an information or indictment must be filed.

IT IS SO STIPULATED.

Dated: October 16, 2018

ALEX G. TSE  
United States Attorney

           /s/  
KATIE BURROUGHS MEDEARIS  
Assistant United States Attorney

Attorneys for Plaintiff  
UNITED STATES OF AMERICA

/s/ *via email authorization*            10/15/2018  
SETH CHAZIN                                     Date  
Attorney for Defendant  
ANTHONY MONTANELLI

**[~~PROPOSED~~] ORDER**

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Hearing Date and (2) Findings of Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, as well as to waive the timing for preliminary hearing under Rule 5.1 of the Federal Rules of Criminal Procedure.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in the filing of an information or indictment within the time period set forth in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence and any periods of unavailability of counsel.

THEREFORE, FOR GOOD CAUSE SHOWN:

The hearing for preliminary hearing and arraignment on information or indictment in this matter currently scheduled for before this Court on October 16, 2018 is continued to 9:30 a.m. on November 29, 2018 before the U.S. Magistrate Judge handling duty matters on such date. The time period of October 16, 2018, to November 29, 2018, inclusive, is excluded in computing the time within which an information or indictment must be filed under 18 U.S.C. § 3161(b) pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an information or indictment must be filed.

IT IS SO ORDERED.

10/16/18
DATE

_Kandis Westmore_
HONORABLE KANDIS WESTMORE
United States Magistrate Judge

4